**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AIMEE LYNN TAYLOR,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 25-2600

D.C. No.
2:23-cv-01954-AN

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted July 8, 2026[**]
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Claimant Aimee Taylor timely appeals the district court's decision that

affirmed the decision of an Administrative Law Judge ("ALJ") denying her

application for supplemental security income benefits.  Claimant challenges the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

ALJ's determination that she could perform "simple and repetitive tasks with some detail but nothing complex." She contends that the ALJ should have credited the prior administrative medical findings of Dr. Susan M. South and Dr. Benjamin G. Kessler (the "administrative medical findings") that Claimant is limited to performing "simple one- and two-step tasks." We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's decision, and we will affirm the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." Woods v. Kijakazi, 32 F.4th 785, 788 (9th Cir. 2022) (citation omitted). We affirm.

1. Substantial evidence supports the ALJ's decision not to credit in full the administrative medical findings. See id. at 787 (reviewing for substantial evidence an ALJ's "decision to discredit any medical opinion"). "The agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source, and 'explain how [it] considered the supportability and consistency factors' in reaching these findings," as supportability and consistency are the "most important factors." Id. at 791–92 (alterations in original) (internal citations omitted); see also 20 C.F.R. § 416.920c(c)(1) (defining supportability as the degree to which a medical source presents relevant "objective medical evidence" in support of its findings); id. § 416.920c(c)(2) (defining consistency as whether a medical opinion is consistent "with the evidence from other medical

sources and nonmedical sources").[1] The ALJ explained that, although Dr. South and Dr. Kessler supported their findings with objective medical evidence, their findings were only "partially consistent with the record as a whole," which "demonstrates a limitation to simple and repetitive tasks with some detail, as stated in the residual functional capacity." While discussing Claimant's residual functional capacity, the ALJ included Claimant's anxiety and depression in a list of her severe impairments. But the ALJ recognized that Claimant's mental status exams "generally showed unremarkable findings" regarding her cognitive abilities and the mental health treatment she underwent was "routine and conservative."

As an initial matter, the ALJ did not improperly substitute her judgment for that of Dr. South and Dr. Kessler by drawing a somewhat different conclusion from the same evidence that those doctors considered. ALJs "are not required to adopt any prior administrative medical findings," id. § 416.913a(b)(1), nor must they defer to such findings, id. § 416.920c(a). Rather, ALJs are "capable of independently reviewing and forming conclusions about medical evidence." Farlow v. Kijakazi, 53 F.4th 485, 488 (9th Cir. 2022). "If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that

---

[1] Section 416.920c governs where, as here, the application for benefits was filed on or after March 27, 2017. See Cross v. O'Malley, 89 F.4th 1211, 1214 (9th Cir. 2024).

must be upheld." Ford v. Saul, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation and internal quotation marks omitted).

Substantial evidence supports the ALJ's assessment of the record. Claimant was prescribed Wellbutrin for anxiety, but stopped taking it. Although she reported that depression made it "difficult to function at all," and one examination reflected "mild difficulty with concentration likely due to depression," several medical providers reported that Claimant had normal mental functioning. The ALJ was entitled to consider mental health examinations that occurred during visits to medical providers who focused primarily on other health issues. See 20 C.F.R. § 416.920c(b)(2), (c)(3)(iii) (providing that an ALJ may consider, but need not explain, how the "[p]urpose of the treatment relationship" affects the medical source's persuasive value).

Likewise, substantial evidence supports the ALJ's finding that Claimant's daily activities reflect an ability to "complete basic, familiar mental tasks." For example, Claimant goes shopping, drives, prepares simple meals, frequently does household tasks, can count change and handle personal financial matters, and reads as a hobby. And she reported that she can follow instructions and can pay attention "for as long as [she] need[s]." See Woods, 32 F.4th at 794 (holding that substantial evidence supported an ALJ's finding that a medical opinion was inconsistent with evidence of the claimant's daily activities and conservative medical treatment).

2.  To the extent that Claimant argues that the ALJ erred by relying on a vocational expert's testimony in response to a hypothetical that did not include Claimant's proffered limitations, we reject that argument for the same reasons discussed above.  See Kitchen v. Kijakazi, 82 F.4th 732, 742 (9th Cir. 2023) (describing a similar argument as "a restatement of [the claimant's] contention that the ALJ should have credited" certain medical opinions).

**AFFIRMED.**